UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                                                    CASE NUMBER 3:20-MJ-296

MATTHEW ALEXANDER LYONS                                               DEFENDANT

### UNITED STATES' MOTION TO
### EXTEND TIME IN WHICH TO FILE INDICTMENT

Comes the United States of America, by counsel, Assistant United States Attorney Jo E. Lawless, and moves the Court to continue the 30-day time period imposed by the Speedy Trial Act for returning an Indictment in the above-captioned case, and to exclude such time for all Speedy Trial Act purposes, including, but not limited to the 30y-day time period under 18 U.S.C. § 3161(b) in which an information or indictment must be filed, and the 90-day time period under 18 U.S.C. § 3164(b) for beginning trial for a defendant who is detained solely because he is awaiting trial.

This Court authorized the filing of a Criminal Complaint and issued an Arrest Warrant upon the filing of the Complaint on April 23, 2020. (DN 1). Law enforcement officials arrested Lyons that same day. The defendant first appeared before the United States Magistrate Judge the next day, April 24, 2020. (DN 3). On April 28, 2020, the Court conducted a detention hearing. *Id*. At the conclusion of the hearing, the Court ordered Lyons detained.

Under 18 U.S.C. § 3161(b), an Indictment or Information must be filed within 30 days from the date on which a defendant was arrested. Under normal circumstances, this would require the United States to seek an Indictment filed no later than May 23, 2020. Further, under

18 U.S.C. § 3164(b), the trial of any person who is detained solely because he or she is awaiting trial must commence no later than 90 days following the beginning of such continuous detention. In the case at bar, the time would expire on July 27, 2020.

On March 13, 2020, Chief Judge Greg N. Stivers issued General Order No. 20-02 In Re: Court Operations Related to COVID-19, which included a directive stating that "[a]ll grand jury proceedings in this District are CONTINUED except those that are 30-day cases or are necessary to protect the safety of the community, pending further Order of the Court." (Gen. Order 20-02, ¶ 4.)  The Court entered General Order 20-02 in response to the COVID-19 pandemic and the "discovery of, and increases in, confirmed coronavirus ('COVID-19') cases within the Commonwealth of Kentucky."  (Gen. Order 20-02, preamble.)  The Court further stated that, with "respect to health risks created by those exposed to COVID-19, the Court also acknowledges state and local guidance regarding the need to limit large gatherings of persons. More specifically, the Court seeks to take immediate and necessary precautions to reduce the possibility of exposure to the virus and slow the spread of the disease, to the extent practical." *Id*.  On April 1, 2020, Chief Judge Stivers issued General Order No. 20-08 In Re: Court Operations Related to COVID-19, Supplemental Order Concerning Grand Jury Proceedings, stating that "[i]n light of the ongoing COVID-19 epidemic, and in order to protect the public health, . . . all grand jury proceedings, which were continued generally by General Order 20-02, are continued until May 1, 2020."  And, on April 17, 2020, Chief Judge Stivers issued General Order No. 20-09 In Re: Supplemental Order Concerning Court Operations Related to COVID-19, stating that, "All grand jury proceedings, which were continued generally by General Order 20-08, are **CONTINUED** through May 29, 2020." (Emphasis in original).

2

The United States is continuing to investigate and prosecute this case, and plans to diligently prepare it for Indictment, including making arrangements to obtain available witnesses to testify before a grand jury.  Nonetheless, the United States is cognizant of the concerns identified in General Orders 20-02, supplemented through 20-09, and of the public-health risk created for government counsel, witnesses, grand jurors, and Court personnel by assembling during the period of the public-health emergency created by the COVID-19 pandemic.  Since the issuance of General Order 20-02, no grand jury has been called to meet in the Western District of Kentucky.  General Order 20-09, has extended the earlier continuance through May 29, 2020.  At this point in time we do not know when grand jurors will be assembled in the District.  Given the current declaration of a statewide and national public-health emergency, the number of grand jurors who are in a position to report for duty may not be sufficient to maintain the required quorum in the event the Court were to call them to meet at this time.

The Speedy Trial Act automatically provides for an additional thirty days to seek an indictment "in a district in which no grand jury has been in session during such thirty-day period."  18 U.S.C. § 3161(b).  It is unclear whether this provision would be operative in the present situation, however, because General Order 20-02 does allow for a grand jury for "30-day cases."  (Gen. Order 20-02, ¶ 4.)  The Speedy Trial Act also excludes from "the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence," any period of delay based on a continuance granted by "any judge" based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h) & (h)(7)(A).  The court must set forth "in the record of the case" its reasons supporting such a finding, after considering the factors identified in the statute, among others.  18 U.S.C. §

3161(h)(7)(A) & (B).  A national pandemic most certainly falls under 18 U.S.C. § 3161(h)(7)(B)(iii), which allows a court excluding time to consider "[w]hether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b)."  *See, e.g., Furlow v. United States*, 644 F.2d 764, 767–69 (9th Cir. 1981) (affirming Speedy Trial exclusion after eruption of Mt. St. Helens); *United States v. Scott*, 245 Fed. Appx. 391, 394 (5th Cir. 2007) (Hurricane Katrina)).

Accordingly, to eliminate the risk of dismissal under the Speedy Trial Act, and to comply with the statute, the Court's General Orders, and public-health requirements, the United States respectfully requests that this Court (1) grant this motion; (2) find that the ends-of-justice require the Court to continue the thirty-day clock in this case, with the thirty-day period to begin anew on the date that this Court, through a new General Order, permits grand juries in the Western District of Kentucky to resume meeting and proceed generally, in the normal course; and (3) exclude the period of time between the date on which Defendant was arrested and the date on which the Court first permits grand juries in the Western District of Kentucky to resume meeting and proceeding generally, for all Speedy Trial Act purposes, including, but not limited to the thirty-day time period under 18 U.S.C. § 3161(b) in which an information or indictment must be

filed, and the 90-day time period under 18 U.S.C. § 3164(b) for beginning trial for a defendant who is detained solely because he is awaiting trial.

Respectfully Submitted,

RUSSELL M. COLEMAN
UNITED STATES ATTORNEY

/s/ *Jo E. Lawless*
Jo E. Lawless
Assistant United States Attorney
717 West Broadway
Louisville, Kentucky 40202
(502) 625-7065
(502) 582-5912 (fax)

## CERTIFICATE OF SERVICE

A copy of the foregoing was served on defense counsel through the Court's ECF system on April 28, 2020.

/s/*Jo E. Lawless*
Jo E. Lawless
Assistant United States Attorney
