UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                     PLAINTIFF

v.                                        CRIMINAL ACTION NO.:  3:20-MJ-296-RSE

MATTHEW ALEXANDER LYONS                                     DEFENDANT

*Filed Electronically*
**RESPONSE TO MOTION FOR IMMEDIATE PRETRIAL RELEASE (DN 9)**

Comes the United States of America, by counsel, Assistant United States Attorney Jo E.

Lawless, in response to Defendant's motion for immediate pretrial release due to Coronavirus

diagnosis.  (DN 9).  For the reasons that follow, the motion should be denied.

## **BACKGROUND**

On or about April 7, 2020, a Detective with the Kentucky Office of Attorney General's

Department of Criminal Investigations (DCI), received a request for digital forensic and

investigative assistance on a case from a Detective with the Radcliff (Kentucky) Police

Department (RPD).  His request stemmed from a complaint he was investigating where at least

one minor[1] was posting on social media about engaging in sexual activity with an adult in

exchange for currency.  The RPD Detective interviewed two minors, (John Doe 1 and 2), seized

their mobile devices, and was granted consent to search those devices by the minors' legal

guardians.

The RPD Detective identified Lyons as the adult with whom John Doe 1 and 2 had

engaged in sexual activity in exchange for money.  He learned that Lyons had a prior conviction

in 2008 Hardin District Court 08-F-00401 for attempted prohibited use of electronic

communication system to procure a minor for sex, a violation of K.R.S. § 510.155(1).  The

---

[1] The term "minor" has the meaning set out in 18 U.S.C. § 2256(1)

Detective obtained and executed a Kentucky state search warrant to seize and search Lyons's mobile device.  On April 10, 2020, Detective Carman delivered the state search warrant, consent forms and mobile devices to the DCI Detective for examination.

On April 13, 2020, the DCI Detective conducted a full file system extraction of Lyons's Apple iPhone 11 Pro Max.  On April 16, 2020, the DCI Detective began to review the artifacts for evidence sought in the state search warrant.  During this review of the artifacts, he found more than 1,500 image and video files that were identified by hash value[2] of known child sexual abuse material.  In review of the remaining media files, the DCI Detective recognized hundreds more images and videos that were familiar to him from previous investigations and were obvious depictions of actual minors engaged in sexually explicit conduct, but not identified through the automated process.  The images were stored in a pin-code protected application in a "Frequently Used" folder on Lyons's iPhone's main screen. The images were stored in more than 250 categorized folders.  Descriptions for a sample of the images are as follows:

    a.   **Photo - 26-Aug-2015 21:26:50.jpg** is a still image of a nude boy, approximately 12 years old, laying on his back with his erect penis in his hand.  The hand of an adult male subject is inserting a foreign object into the anus of the boy;

    b.   **Photo - 14-Jan-2007 14:26:17.jpg** is a still image of a nude boy, approximately 8 years old, laying on his back with an erect male penis inserted into the boy's anus; and

    c.   **Photo - 01-Aug-2018 23:34:37 - 1.jpg** is a still image of a nude boy, approximately 12 years old, laying partially clothed on a sofa, the hand of an adult male is manipulating the boy's erect penis.

Further examination of Lyons's iPhone revealed that on or about April 1, 2020, Lyons

---

[2]A hash value is the process of using an algorithm to generate a numerical identifier for data, also referred to as a digital fingerprint.  The hash value (like a finger print) is unique to that item. Any change to the data (file), will result in a different hash value.

was communicating with at least one 14-year-old boy (John Doe 1), on the Grindr[3] social media app. According to an interview with John Doe 1, Lyons exchanged photographs and conversations via this app, then transitioned to text messaging.  During the conversation between Lyons and John Doe 1, Lyons agreed to pay John Doe 1 $50.00 in exchange for Lyons performing oral sex on John Doe 1.  Lyons and John Doe 1 agreed to meet at a convenience store in Hardin County, Kentucky.

On or about April 1, 2020, Lyons traveled to the convenience store and met two 14-year old boys (John Doe 1 and John Doe 2).  Lyons picked up the boys in his 2017 Chevrolet Silverado truck and drove them to a Dollar General store parking lot.  Lyons performed oral sex on John Doe 1.  During the incident, John Doe 2 videoed Lyons performing oral sex on John Doe 1.  I retrieved and reviewed the video during the forensic examination of the cellular telephones referenced above (*i.e.*, phones from John Doe 1 and Lyons).  According to interviews with John Doe 1 and John Doe 2, Lyons performed oral sex on both of them.  Lyons paid John Doe 1 $70.00 and John Doe 2 $60.00.

During a review of Lyons's Apple iPhone 11 Pro Max, the DCI Detective located a chat conversation from February 16, 2020, between Lyons and a boy named "Trevor" who indicated he was 16 years old.  During this conversation Trevor, at the request and persuasion of Lyons, sent two photos and two videos of himself engaged in sexually explicit conduct.  Below is an excerpt of the conversation:

Lyons: [Face photo sent]
Trevor: How old r u
Lyons: 32. You?
Trevor: 16
Lyons: Cool
Trevor: Mhm

[3] Grindr is a social media networking and online dating application geared towards gay, bisexual, and transsexual people.

Lyons: You cool with me being 32?
Trevor: not rlly
Lyons: Ahhh too bad. :/
……
Trevor: Can I see urs?~ [Referring to Lyon's Penis]
Lyons: If you show me yours first
Trevor: I asked first
Lyons: I don't feel comfortable sending first
Trevor: It won't send
Lyons: I don't know what to tell you. Want to Facetime?
Trevor: No
Lyons: Too bad
Trevor: **[Sends photo of his shorts pulled down and his penis erect]**
Trevor: There we go had to get off the WiFi
Lyons: Nice Cock!
Trevor: Thx
Trevor: Wbu
Lyons: **[Sends photo of an erect penis]**
Lyons: You're welcome
Trevor: Gorgeous
…..
Trevor: I'd love urs up my tight ass
Lyons: I'd love to
Lyons: Can I see more?
Trevor: **[Sends photo of himself standing over the camera with his fingers spreading
         his anus and his flaccid penis viewable]**
Lyons: So hot and hella tight
Trevor: hehe
Lyons: Id eat it out
Trevor: I've had it eaten out and a dick up there but no cum sadly
Lyons: aww is cum inside you
Lyons: I'd*
……
Lyons: You have any videos?
Trevor: Mhm
Lyons: Send one. Make me cum and I'll video mine when I do
Trevor: **[Sends a video of him pulling down his shorts and bending over in front of
         the camera, you can see the boy's class ring on his finger, he inserts his
         fingers into his anus]**
Lyons: I was hoping for a cock playing video. Lol. Since I'm sending you a cum vid.
Trevor: **[Sends a video of him nude rubbing his erect penis on his leg and
         masturbating]**
Trevor: There
Lyons: [Sends a video of himself masturbating and ejaculating] Warning it has sound.
         And I came much more earlier.

During review of Lyons's Apple iPhone 11 Pro Max, the DCI Detective located a chat conversation between Lyons and another adult, Robert Alan Thompson.[4]  Further investigation revealed that Thompson was a middle school teacher in Frankfort, Kentucky, during the 2017-2018 school year after which he moved to the Hardin County School District and continued teaching middle school.  Lyons and Thompson engaged in a chat conversation on April 30, 2018.  During the conversation, Lyons sent Thompson two photos of actual minors engaged in sexually explicit conduct. Below is an excerpt of their conversation:

Lyons: You have any younger guy's cock pics? Lol
Thompson: Nope. Don't keep them? U?
Lyons: omg you need to keep them!!!
Lyons: at least send them to me. Lol
Lyons: **[Sends nude photo of boy approximately 14 years old whose erect penis is the focus of the depiction]**
Thompson: whos that
Lyons: **[Sends nude photo of a boy approximately 12 years old whose testicles and anus are the focus of the depiction**]
Lyons: Just a guy off Tumblr. Lol
Thompson. O. Say how old?
Lyons: The top pic prolly 14, the bottom one 12. Lol
Thompson: lol

Apple iPhones are not manufactured in the Commonwealth of Kentucky.  The term "means or facility of interstate commerce" includes the internet or telephones.  The social media apps referenced above are accessed via the internet.  And, the text communications between Lyons and the individuals referenced above occurred through Lyons use of his iPhone.

Based on the information set out above, this Court authorized the filing of a Criminal Complaint and issuance of a corresponding Arrest Warrant.  Law enforcement officials arrested Lyons on April 24, 2020.  Lyons appeared for his Initial Appearance that same day.  Lyons waived his right to a preliminary hearing and the Court conducted a detention hearing on April

---

[4] Law enforcement officials executed a search warrant at Thompson's residence and arrested him on state child pornography charges on April 21, 2020.

28, 2020.  At the conclusion of the hearing, this Court ordered Lyons detained pending trial.

On May 22, 2020, Lyons filed the instant motion for release from custody.  The cursory motion references his positive test for COVID-19.

### COVID-19 does not alter the appropriateness of Lyons's detention

Citing no legal authority, Lyons seeks release from custody.  He asserts that he has tested positive for COVID-19 and claims that "he can receive better care," if released.  Pursuant to 18 U.S.C. § 3142(f)(2)(B), to reopen his detention hearing, Lyons must show that the existence of COVID-19 and its health effects were unknown at the time of his initial hearing, and that the risks of COVID-19 have a "material bearing" his detention status.  Clearly, his motion fails the second prong.

Concededly, while COVID-19 and its impact were known at the time of the initial detention hearing, Lyons had not yet tested positive.  The existence of COVID-19, however, has no material bearing upon the rebuttable presumption in favor of Lyons's detention, nor does it change the risk and danger to the safety of any other person and the community, or reasonably assure his appearance at future proceedings.  Specifically, Lyons has offered no evidence and failed to address how the existence of COVID-19 has any bearing, much less a material one, upon this Court's determination that he be detained.  Taken to its logical conclusion, the defendant simply contends that due to the COVID-19 virus, all prisoners should be released.  That is patently ridiculous.

Lyons alleges that he tested positive.  The United States confirmed that assertion.  However, the United States also learned that Lyons remained asymptomatic and has not tested negative.  He has been transferred back to general population, no longer requiring medical quarantine.

Importantly, the Grayson County Detention Center, where the defendant is being held, has implemented the following steps, amongst others, to counter the COVID-19 virus:

1. All employees and inmates are monitored for symptoms of respiratory infection;

2. All new inmates are screened by medical personnel for signs of respiratory infection and appropriate infection prevention practices are implemented;

3. Visits by non-essential personnel (programs, mentors, religious services, etc.) are suspended;

4. Inmate visitation is suspended;

5. Attorney/client meetings are being held by video conference or "through the glass" meetings;

6. "Clean teams" have been designated and provided personal protective equipment and supplies to frequently disinfect high traffic areas;

7. Hand sanitizer stations have been established and remain fully stocked; and

8. Individuals who may become symptomatic will be isolated.

In reality, federal prisoners in the Western District of Kentucky are at less risk of contracting COVID-19 than the general public, as reflected by the fact that although there are numerous confirmed COVID-19 cases in Kentucky, as of May 27, 2020, there are 23 inmates and two staff members who have tested positive in the Grayson County jail. Of those, the vast majority – including Lyons -- are asymptomatic. As noted above, he no longer tests positive for the virus.

Furthermore, just as in the recent Western District of Kentucky, Paducah Division, case *United States v. Mark Easley*, Criminal Action Number 5:20-CR-1-TBR, here, Lyons provides no compelling reason for his release due to the current global pandemic. *See United States v. Easley,* 5:20-CR-1-TBR, DN 38, Order. In *Easley* the District Court denied a similar motion for release by relying, in part, on the District Court of Kansas' in-depth review of cases addressing whether defendants should be released from custody in response to COVID-19. *Id.,* at page ID

#158, *citing United States v. Clark,* No. 19-40068-01-HLT, 2020 WL 1446895 (D. Kan. Mar. 25, 2020).  The Kansas Court noted:

> The court is mindful of the unprecedented magnitude of the COVID-19 pandemic and the extremely serious health risks it presents. But, in that context, a defendant should not be entitled to temporary release under § 3142(i) based solely on generalized COVID-19 fears and speculation. Rather, the court must make an individualized determination as to whether COVID-19 concerns present such a compelling reason in a particular case that temporary release is necessary under § 3142(i). In making that determination, the undersigned will evaluate at least the following factors: (1) the original grounds for the defendant's pretrial detention, (2) the specificity of the defendant's stated COVID-19 concerns, (3) the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant, and (4) the likelihood that the defendant's proposed release would increase COVID-19 risks to others. The court will not necessarily weigh these factors equally, but will consider them as a whole to help guide the court's determination as to whether a "compelling reason" exists such that temporary release is "necessary."

(internal citation omitted).

The original grounds for Lyons's pretrial detention remain unchanged.  He was and is a danger to the community – both the local community and the larger online community.  Lyons has a strong sexual interest in minor boys and he is not afraid to act on those interests – as evidenced by his actions with the two boys in Hardin County.

He has failed to plead any information regarding why he, specifically, should be released due to COVID-19.  Weighing the *Clark* factors and other considerations, there is no compelling reason to release Lyons from custody at this time.

Accordingly, the United States opposes the motion and respectfully requests that it be **denied**.

Respectfully submitted,

RUSSELL M. COLEMAN
UNITED STATES ATTORNEY

/s/ *Jo E. Lawless*

Jo E. Lawless
Assistant United States Attorney
717 West Broadway
Louisville, Kentucky 40202
(502) 625-7065 (phone)
(502) 582-5097 (fax)
jo.lawless@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2020, I electronically filed this document through the Court's ECF system, which will send notice to counsel of record.

/s/ *Jo E. Lawless*

Jo E. Lawless
Assistant United States Attorney