UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:20-CR-00049-DJH

UNITED STATES OF AMERICA                                                        PLAINTIFF

VS.

MATTHEW ALEXANDER LYONS                                                         DEFENDANT

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion of Defendant, Matthew Alexander Lyons ("Lyons" or "Defendant"), for release due to Coronavirus diagnosis. (DN 9). The United States of America ("United States" or "Government") filed a Response in opposition. (DN 12). Lyons did not file a reply, and the time to do so has expired. Fully briefed, this matter is ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1)(A)(B), the District Court referred this Motion to the undersigned Magistrate Judge for disposition. (DN 20). For the reasons set forth herein, Lyons' Motion for Compassionate Release in Light of COVID-19 (DN 9) is **DENIED**.

### I.  BACKGROUND

On April 23, 2020, a Criminal Complaint[1] was issued against Lyons alleging the following offenses: Distribution of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(b)(1); Attempted production of child pornography, in violation of 18 U.S.C. §§ 2251 (a) and (e); Attempted enticement, in violation of 18 U.S.C. § 2422(b); Sex trafficking of children, in violation of 18 U.S.C. §§ 1591(a) and 1591(b)(2); and Possession of child pornography, in

---

[1] On June 17, 20-, an Indictment was filed charging Lyons with the commission of the aforementioned offenses. (DN 14); *see also* (DN 10).

violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). (DN 1). As provided in the Complaint, Lyons was previously convicted in 2008 in Hardin County District Court Case No. 08-F-00401 for attempted prohibited use of electronic communication system to procure a minor for sex, in violation of KRS § 510.155(1). (*Id*. at p. 3). On April 24, 2020, Lyons was arrested and initially appeared before this Court by video.[2] (DN 3). Pursuant to 18 U.S.C. § 3142(f)(1), the United States moved for detention, and the matter was set for a detention hearing on April 28, 2020. (*Id*.).

The undersigned Magistrate Judge held the detention hearing on April 28th. (DN 7). At this hearing, the undersigned was presented with the arguments of the parties, the nature of the charges pending against Lyons, Lyons' criminal history, and the recommendation of the United States Probation Office. The undersigned determined that the weight of evidence against the Defendant is strong, the proposed residence was not sufficient, and Lyons' prior criminal history showed that he posed a danger to the community. (DN 8). Thus, considering the factors set forth in 18 U.S.C. § 3142(g), the undersigned ordered Lyons to be detained concluding that a rebuttable presumption applied and "[b]y clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community." (*Id*. at p. 2).

On May 22, 2020, Lyons filed the subject Motion seeking release from pretrial detention due to Coronavirus diagnosis. (DN 9).

## II. LEGAL STANDARD

18 U.S.C. § 3142(i) provides:

> The judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary

---

[2] Consistent with General Orders 20-02, 20-03, 20-05, 20-09, and 20-11 and in light of the COVID-19 pandemic, Lyons' Arraignment is set for June 22, 2020. *See* (DNs 10 & 13).

for preparation of the person's defense or for another compelling reason.

18 U.S.C § 3142(g) provides:

**Factors to be considered.--**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--
   (1)   the nature and circumstances of the offense charged [];
   (2)   the weight of the evidence against the person;
   (3)   the history and characteristics of the person, including --
      (A)   the person's character, *physical and mental condition*, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
      (B)   whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
   (4)   the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use of collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

(emphasis added).

18 U.S.C. § 3142(f)(2) provides:

     The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

### III.   ANALYSIS

Lyons claims he has been diagnosed with COVID-19, and such diagnosis warrants release

3

from custody. (DN 9). In support of this claim, Lyons states that several people in his pod have also been diagnosed with the virus. (*Id*.). Thus, Lyons argues that detention under these extraordinary conditions amounts to cruel and unusual punishment in violation of his constitutional rights. (*Id*.). Lyons also claims he has only received over-the-counter pain medication and believes "he can receive better medical care in the community." (*Id*.). Therefore, in lieu of incarceration, Lyons suggests home detention with GPS monitoring. (*Id*.).

The United States opposes Lyons' request for release because the existence of COVID-19 has no material bearing upon the rebuttable presumption in favor of Lyons' detention. (DN 12). Rather, the United States highlights Lyons' failure in the instant Motion to rebut the factual basis that led to his detention. (*Id*. at p. 6-8). As for Lyons testing positive for COVID-19, the United States acknowledges confirmation of his diagnosis. (*Id*. at p. 6). However, the Government explains that Lyons is "asymptomatic and . . . has been transferred back to general population, no longer requiring medical quarantine." (*Id*.). Thus, because the original grounds for Lyons' pretrial detention remain unchanged, the Government maintains that Lyons is a danger to the local community and the larger online community. (*Id*. at p. 8).

This argument is well taken. Here, Lyons does not provide the Court with a rebuttal of the original assessments that led to the decision to detain him. Instead, his cursory arguments concern only the Coronavirus diagnosis. The Court is sympathetic and takes seriously Lyons' plight of contracting COVID-19 while detained. But even in the midst of this tragic pandemic, the Court is not relieved of its responsibilities under the Bail Reform Act. *See United States v. West*, No. ELH-10-0364, 2020 WL 1638840, at *2 (D. Md. Apr. 2, 2020) (stating that the tragic events of COVID-19 do not relieve the court of "the responsibility of assessing the factors of 3142(g) in determining whether this particular Defendant poses a danger to the community."). Lyons is certainly entitled

4

to medical care as he battles this virus, but he has not demonstrated that he is receiving inadequate medical care or that his release is necessary to do so. *See United States v. Carrington*, No. 2:19-CR-59- PPS-JPK, 2020 WL 2029391, at *9 (N.D. Ind. Apr. 28, 2020) (denying motion for release where defendant did not show release was necessary to receive proper care for Coronavirus). Also missing is evidence that Lyons could receive better medical care in the community without threatening the safety of others. *See United States v. West*, No. ELH-10-0364, 2020 WL 1638840, at *2 (D. Md. Apr. 2, 2020) (finding no grounds existed for granting motion for release absent information that defendant diagnosed with COVID-19 could receive better care outside detention or that he would not present a medical risk to others if released).

Because the findings made pursuant to the previous detention order of the Court remain unchanged, the undersigned finds no basis for Lyons' release. The Court, however, will require Grayson County Detention Center to provide defense counsel immediate notification of any significant change or decline in Lyons' condition. *See, e.g., Carrington*, 2020 WL 2029391, at *9.

### IV. ORDER

For the reasons provided above, and the Court being otherwise sufficiently advised;

**IT IS ORDERED** that Lyons' Motion for Compassionate Release in Light of COVID-19 (DN 9) is **DENIED**.

Regina S. Edwards, Magistrate Judge
United States District Court

July 1, 2020

Copies: Counsel of Record