UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA, Plaintiff,

v. Criminal Action No. 3:20-cr-49-DJH

MATTHEW ALEXANDER LYONS, Defendant.

\* \* \* \* \*

### ORDER

Defendant Matthew Alexander Lyons having filed an unopposed motion to convert the upcoming in-person change-of-plea hearing to a video proceeding, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)  The unopposed motion to convert (Docket No. 32) is **GRANTED**. The change-of-plea hearing set for November 20, 2020, is **REMANDED** from the Court's docket and **RESET** for **November 23, 2020, at 12:00 p.m.** via video conference. Information regarding how to connect to the conference will be provided directly to counsel.

(2)  Pursuant to 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv), the Court finds that **the period of delay from November 19, 2020, to November 23, 2020, is excludable in computing the time within which the trial must commence under the Speedy Trial Act**. The Court further finds that the ends of justice served by this delay outweigh the best interests of the public and the defendant in a speedy trial because failure to grant such a continuance would deny the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* § 3161(h)(7)(B)(iv); *Zedner v. United States*, 547 U.S. 489 (2006). This continuance is not being granted "because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." § 3161(h)(7)(C).