UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                      PLAINTIFF

vs.                                                              CRIMINAL ACTION NO. 3:20CR49-DJH

MATTHEW ALEXANDER LYONS                                                       DEFENDANT

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States of America, by Russell M. Coleman, United States Attorney for the Western District of Kentucky, and defendant, Matthew Alexander Lyons, and his attorney, William Butler, have agreed upon the following:

1. Defendant acknowledges that he has been charged in the Indictment in this case with violations of 18 U.S.C. §§ 1591(a), 1591(b)(2), 2251(a), 2251(e), 2252A(a)(2)(A), 2252A(a)(5)(B), 252A(b)(1), 2252A(b)(2), and 2422(b). Defendant further acknowledges that the Indictment in this case seeks forfeiture, as follows:

    a. pursuant to 18 U.S.C. § 2253(a)(3), all of the rights, title, and interests in any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses, or any property traceable to such property, and all visual depictions which were produced, transported, mailed, shipped, or received in violation of law, pertaining to Counts 1, 5 and 6;

    b. pursuant to 18 U.S.C. § 2428, all of the right, title, and interests in any property, real or personal, used or intended to be used to commit or to promote the commission of such offense, pertaining to Count 2; and

    c. pursuant to 18 U.S.C. § 1594(e)(1)(A), any property, real or personal, involved in, used, or intended to be used to commit or facilitate the commission of any violation of such offenses, and any property traceable to such property, pertaining to Count 4.

2. Defendant has read the charges against him contained in the Indictment, and the charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crime with which he has been charged.

3.  Defendant will enter a voluntary plea of guilty to the charges in the Indictment because he is in fact guilty of the charges. The parties agree to the following factual basis for this plea:

On or about April 7, 2020, a Detective with the Kentucky Office of Attorney General's Department of Criminal Investigations (DCI), received a request for digital forensic and investigative assistance on a case originating with the Radcliff (Kentucky) Police Department. The Radcliff PD Detective's request stemmed from a complaint he was investigating. That complaint involved a call from a grandparent who reported that at least one minor[1] was posting on social media about engaging in sexual activity with an adult in exchange for currency. The Radcliff PD Detective interviewed the two minors, (John Doe 2 and 3 in Indictment), seized their mobile devices, and was granted consent to search those devices by the minors' legal guardians.

The Radcliff PD Detective had identified Lyons as the adult with whom the two boys had engaged in sexual activity in exchange for money. He learned that Lyons had a prior conviction in 2008 Hardin District Court 08-F-00401 for attempted prohibited use of electronic communication system to procure a minor for sex, a violation of K.R.S. § 510.155(1). The Radcliff PD Detective obtained and executed a Kentucky state search warrant to seize and search Lyons's mobile device. On April 10, 2020, the Radcliff PD Detective delivered the state search warrant, consent forms and mobile devices to DCI for examination.

The DCI Detective conducted a full file system extraction of Lyons's Apple iPhone 11 Pro Max. The data from Lyons's iPhone 11 yielded more than 742,000 iOS artifacts, of which more than 394,000 were media, such as videos and photos. During the decoding process, the DCI Detective used the most recent Project Vic hash set to identify any potential child sexual abuse images and videos on the device.

On April 16, 2020, the DCI Detective began to review the artifacts for evidence sought in the state search warrant. During this review of the artifacts, the DCI Detective found more than 1,500 image and video files that were identified by hash value[2] of known child sexual abuse material. In review of the remaining media files, the DCI Detective recognized hundreds more images and videos that were familiar to him from previous investigations and were obvious depictions of actual minors engaged in sexually explicit conduct, but not identified through the automated process. The images were stored in a pin-code protected application in a "Frequently Used" folder on Lyons's iPhone's main screen. The images were stored in more than 250 categorized folders. Descriptions for a sample of the images are as follows:

---

[1] The term "minor" has the meaning set out in 18 U.S.C. § 2256(1)
[2] A hash value is the process of using an algorithm to generate a numerical identifier for data, also referred to as a digital fingerprint. The hash value (like a finger print) is unique to that item. Any change to the data (file), will result in a different hash value.

2

    a. **Photo - 26-Aug-2015 21:26:50.jpg** is a still image of a nude boy, approximately 12 years old, laying on his back with his erect penis in his hand. The hand of an adult male subject is inserting a foreign object into the anus of the boy;

    b. **Photo - 14-Jan-2007 14:26:17.jpg** is a still image of a nude boy, approximately 8 years old, laying on his back with an erect male penis inserted into the boy's anus; and

    c. **Photo - 01-Aug-2018 23:34:37 - 1.jpg** is a still image of a nude boy, approximately 12 years old, laying partially clothed on a sofa, the hand of an adult male is manipulating the boy's erect penis.

    Further examination of Lyons's iPhone revealed that on or about April 1, 2020, Lyons communicated with at least one 14-year-old boy (John Doe 2 in Indcitment), on the Grindr[3] social media app. According to an interview with the boy, Lyons exchanged photographs and conversations via this app, then transitioned to text messaging. During the conversation between Lyons and the boy, Lyons agreed to pay the boy $50.00 in exchange for Lyons performing oral sex on the boy. Lyons and the boy agreed to meet at a convenience store in Hardin County, Kentucky.

    On or about April 1, 2020, Lyons traveled to the convenience store and met two 14-year old boys (identified in the Indictment as John Doe 1 and John Doe 2). Lyons picked up the boys in his 2017 Chevrolet Silverado truck and drove them to a Dollar General parking lot. Lyons performed oral sex on John Doe 2. During the incident, John Doe 3 videoed Lyons performing oral sex on John Doe 2. The DCI Detective retrieved and reviewed the video during the forensic examination of the cellular telephones referenced above (*i.e.*, phones from John Doe 2 and Lyons). According to interviews with John Doe 2 and John Doe 3, Lyons performed oral sex on both of them. Lyons paid John Doe 2 $70.00 and John Doe 3 $60.00.

    During the review of Lyons's Apple iPhone 11 Pro Max, the DCI Detective located a chat conversation from February 16, 2020, between Lyons and a boy named "Trevor" who indicated he was 16 years old. During this conversation Trevor, at the request and persuasion of Lyons sent two photos and two videos of himself engaged in sexually explicit conduct. Below is an excerpt of the conversation:
Lyons: [Face photo sent]
Trevor: How old r u
Lyons: 32. You?
Trevor: 16
Lyons: Cool
Trevor: Mhm
Lyons: You cool with me being 32?
Trevor: not rlly

---

[3] Grindr is a social media networking and online dating application geared towards gay, bisexual, and transsexual people.

Lyons: Ahhh too bad. :/
……
Trevor: Can I see urs?~ [Referring to Lyon's Penis]
Lyons: If you show me yours first
Trevor: I asked first
Lyons: I don't feel comfortable sending first
Trevor: It won't send
Lyons: I don't know what to tell you. Want to Facetime?
Trevor: No
Lyons: Too bad
Trevor: **[Sends photo of his shorts pulled down and his penis erect]**
Trevor: There we go had to get off the WiFi
Lyons: Nice Cock!
Trevor: Thx
Trevor: Wbu
Lyons: **[Sends photo of an erect penis]**
Lyons: You're welcome
Trevor: Gorgeous

…..
Trevor: I'd love urs up my tight ass
Lyons: I'd love to
Lyons: Can I see more?
Trevor: **[Sends photo of himself standing over the camera with his fingers spreading his anus and his flaccid penis viewable]**
Lyons: So hot and hella tight
Trevor: hehe
Lyons: Id eat it out
Trevor: I've had it eaten out and a dick up there but no cum sadly
Lyons: aww is cum inside you
Lyons: I'd*
……
Lyons: You have any videos?
Trevor: Mhm
Lyons: Send one. Make me cum and I'll video mine when I do
Trevor: **[Sends a video of him pulling down his shorts and bending over in front of the camera, you can see the boy's class ring on his finger, he inserts his fingers into his anus]**
Lyons: I was hoping for a cock playing video. Lol. Since I'm sending you a cum vid.
Trevor: **[Sends a video of him nude rubbing his erect penis on his leg and masturbating]**
Trevor: There
Lyons: [Sends a video of himself masturbating and ejaculating] Warning it has sound. And I came much more earlier.

The DCI Detective located "Trevor" (John Doe 1 in Indictment), and conducted

4

an interview. John Doe 1 confirmed that he was the person with whom Lyons had communicated. John Doe 1 also confirmed that he was 16 at the time of their communications, including when he sent Lyons the sexually explicit images referenced above.

Also during review of Lyons's Apple iPhone 11 Pro Max, the DCI Detective located a chat conversation between Lyons and another adult named Robert Alan Thompson.[4] Further investigation revealed that Thompson was a middle school teacher in Frankfort, Kentucky, during the 2017-2018 school year. Thompson later moved to the Hardin County School District and continued teaching middle school. Lyons and Thompson engaged in a chat conversation on April 30, 2018. During the conversation, Lyons sent Thompson two photos of actual minors engaged in sexually explicit conduct. Below is an excerpt of their conversation:

    Lyons: You have any younger guy's cock pics? Lol
    Thompson: Nope. Don't keep them? U?
    Lyons: omg you need to keep them!!!
    Lyons: at least send them to me. Lol
    **Lyons: [Sends nude photo of boy approximately 14 years old whose erect penis is the focus of the depiction]**
    Thompson: whos that
    **Lyons: [Sends nude photo of a boy approximately 12 years old whose testicles and anus are the focus of the depiction]**
    Lyons: Just a guy off Tumblr. Lol
    Thompson. O. Say how old?
    Lyons: The top pic prolly 14, the bottom one 12. Lol
    Thompson: lol

Apple iPhones are not manufactured in the Commonwealth of Kentucky. Moreover, the term "means or facility of interstate commerce" includes the internet or telephones. The social media apps referenced above are accessed via the internet. And, the text communications between Lyons and the individuals referenced above occurred through Lyons' use of his iPhone.

---

[4] Law enforcement officials executed a search warrant at Thompson's residence and arrested him on state child pornography charges on April 21, 2020. Thompson is currently charged in this Court in 3:20CR50-DJH, for violating federal child exploitation laws.

4.     Defendant understands that the charges to which he will plead guilty carry a combined minimum term of imprisonment of 15 years, a maximum term of life imprisonment, a combined maximum fine of $1,500,000.00, a $5,000.00 mandatory assessment (per count), if the defendant is not indigent, and supervised release of at least five years and could be any number of years, up to and including life, which the Court may specify. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583. Defendant understands that as a result of the charges to which he will plead guilty he may be ordered to forfeit his interests in the property as outlined in numbered paragraph 1, above.

5.     Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, which may include the offense to which Defendant is pleading guilty. In addition, if he is a naturalized citizen, Defendant acknowledges that certain convictions, which may include Defendant's conviction, may expose him to denaturalization under federal law. Because removal, denaturalization, and other immigration consequences are handled in separate proceedings, Defendant understands that no one, including his attorney or the United States District Court, can predict with certainty how his conviction may affect his immigration, naturalization, or citizenship status. Defendant agrees to plead guilty with a full understanding that this guilty plea may lead to adverse immigration consequences, including denaturalization and possible automatic removal from the United States.

6.     Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

7. Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

    A. If defendant persists in a plea of not guilty to the charges against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

    B. At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

    C. At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

8. Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the charges to which he pleads guilty.

9. Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $600.00 to the United States District Court Clerk's Office by the date of sentencing. Defendant further acknowledges that he is mandated to pay a $5,000.00 special assessment, per charge, pursuant to 18 U.S.C. § 3014, if the Court finds that he is non-indigent.

10. Defendant acknowledges that the crimes to which he is pleading guilty are covered by the mandatory restitution provisions set out in 18 U.S.C. § 2259. However, no requests for restitution have been received. If such a request is received, it will be shared with the defense and the Court. The defendant understands that he may be responsible for a fine, costs of prosecution, costs of incarceration and supervision which may be required. All financial matters will be left for resolution at the time of sentencing.

11. At the time of sentencing, the parties will agree that a sentence of 25 years' imprisonment followed by a life term of Supervised Release is the appropriate disposition of the case.

12. At the time of sentencing, the United States will

-recommend a fine at the lowest end of the applicable Guideline Range, to be due and payable on the date of sentencing, based upon a determination of the defendant's ability to pay as set out in the Presentence Investigation Report.[5]

-demand forfeiture as outlined in numbered paragraph 1, above.

13. Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise.

14. The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act (42 U.S.C. §§ 901 et. seq), the defendant must register and

---

[5] The defendant acknowledges that he has read the Notice and Penalty Pages attached to the Indictment, and that he understands the interest and penalty provisions applicable to the fine imposed and included in the Judgment entered by the Court, said Notice and Penalty Pages are incorporated herein by reference.

keep the registration current in each of the following jurisdictions: the location of the defendant=s residence, the location of the defendant=s employment; and, if the defendant is a student, the location of the defendant=s school. Registration will require that the defendant provide Information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. ' 2250, which is punishable by a fine or imprisonment, or both.

15. This Agreement is entered into by the United States on the basis of the express representation of defendant that he is making a full and complete disclosure of all assets over which he exercises control.

16. Defendant agrees to the forfeiture of any interest he or his nominees may have in the assets outlined in numbered paragraph 1, above.

17. By this Agreement, defendant agrees to forfeit all interests in the properties referenced in numbered paragraph 1, above, and to take whatever steps are necessary to pass clear title to the United States. These steps include but are not limited to surrender of title, the signing of a consent decree, a stipulation of facts regarding the transfer and basis for the forfeitures and signing any other documents necessary to effectuate such transfers.

18. Defendant agrees to waive any double jeopardy challenges that defendant may have to any administrative or civil forfeiture actions arising out of the course of conduct that provide the factual basis for this Indictment. Defendant further agrees to waive any double jeopardy

challenges that defendant may have to the charges in this Indictment based upon any pending or completed administrative or civil forfeiture actions.

19. Defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed. The reason for such waiver is so that at sentencing the Court will have the benefit of all relevant information.

20. Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offenses covered by this Agreement.

21. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

22. Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service

23. If the Court refuses to accept this agreement and impose sentence in accordance with its terms, pursuant to Fed. R. Crim. P. 11(c)(1)(C), this Agreement will become null and void and neither party shall be bound thereto. The defendant will be allowed to withdraw the plea of guilty. The United States may pursue any and all charges supported by the facts and the law. And, upon conviction pursue imposition of any sentence supported by the facts and the law.

24. Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation, and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise. Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

25. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors. Defendant will not oppose imposition of a sentence incorporating the disposition provided for within this Agreement, nor argue for any other sentence.

26. This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been

11

or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

RUSSELL M. COLEMAN
United States Attorney

By:

_____     11/19/2020
Jo E. Lawless                                              Date
Assistant United States Attorney

I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____     11/18/2020
Matthew Alexander Lyons                        Date
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____     11/18/2020
William Butler                                           Date
Counsel for Defendant

RMC:JEL:20201016