UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                    PLAINTIFF

vs.                                              CRIMINAL ACTION NO. 3:20CR49-DJH

MATTHEW ALEXANDER LYONS                                                    DEFENDANT

*Electronically filed*
**SENTENCING MEMORANDUM**

Comes the United States of America, by counsel, Assistant United States Attorney Jo E. Lawless, and files its memorandum in support of sentencing.

I. Factual Background

On or about April 7, 2020, a Detective with the Kentucky Office of Attorney General's Department of Criminal Investigations (DCI), received a request for digital forensic and investigative assistance on a case originating with the Radcliff (Kentucky) Police Department. The Radcliff PD Detective's request stemmed from a complaint he was investigating. That complaint involved a call from a grandparent who reported that at least one minor[1] was posting on social media about engaging in sexual activity with an adult in exchange for currency. The Radcliff PD Detective interviewed the two minors, (John Doe 2 and 3 in Indictment), seized their mobile devices, and was granted consent to search those devices by the minors' legal guardians.

The Radcliff PD Detective had identified Lyons as the adult with whom the two boys had engaged in sexual activity in exchange for money. He learned that Lyons had a prior conviction

---

[1] The term "minor" has the meaning set out in 18 U.S.C. § 2256(1), that is, someone under the age of 18.

in 2008 Hardin District Court 08-F-00401 for attempted prohibited use of electronic communication system to procure a minor for sex, a violation of K.R.S. § 510.155(1). The Radcliff PD Detective obtained and executed a Kentucky state search warrant to seize and search Lyons's mobile device. On April 10, 2020, the Radcliff PD Detective delivered the state search warrant, consent forms and mobile devices to DCI for examination.

The DCI Detective conducted a full file system extraction of Lyons's Apple iPhone 11 Pro Max. The data from Lyons's iPhone 11 yielded more than 742,000 iOS artifacts, of which more than 394,000 were media, such as videos and photos. During the decoding process, the DCI Detective used the most recent Project Vic hash set to identify any potential child sexual abuse images and videos on the device.

On April 16, 2020, the DCI Detective began to review the artifacts for evidence sought in the state search warrant. During this review of the artifacts, the DCI Detective found more than 1,500 image and video files that were identified by hash value[2] of known child sexual abuse material. In review of the remaining media files, the DCI Detective recognized hundreds more images and videos that were familiar to him from previous investigations and were obvious depictions of actual minors engaged in sexually explicit conduct, but not identified through the automated process. The images were stored in a pin-code protected application in a "Frequently Used" folder on Lyons's iPhone's main screen. The images were stored in more than 250 categorized folders. Descriptions for a sample of the images are as follows:

    a. **Photo - 26-Aug-2015 21:26:50.jpg** is a still image of a nude boy, approximately 12 years old, laying on his back with his erect penis in his hand. The hand of an adult male subject is inserting a foreign object into the

---

[2] A hash value is the process of using an algorithm to generate a numerical identifier for data, also referred to as a digital fingerprint. The hash value (like a finger print) is unique to that item. Any change to the data (file), will result in a different hash value.

anus of the boy;

b. **Photo - 14-Jan-2007 14:26:17.jpg** is a still image of a nude boy, approximately 8 years old, laying on his back with an erect male penis inserted into the boy's anus; and

c. **Photo - 01-Aug-2018 23:34:37 - 1.jpg** is a still image of a nude boy, approximately 12 years old, laying partially clothed on a sofa, the hand of an adult male is manipulating the boy's erect penis.

Further examination of Lyons's iPhone revealed that on or about April 1, 2020, Lyons communicated with at least one 14-year-old boy (John Doe 2 in Indcitment), on the Grindr[3] social media app. According to an interview with the boy, Lyons exchanged photographs and conversations via this app, then transitioned to text messaging. During the conversation between Lyons and the boy, Lyons agreed to pay the boy $50.00 in exchange for Lyons performing oral sex on the boy. Lyons and the boy agreed to meet at a convenience store in Hardin County, Kentucky.

On or about April 1, 2020, Lyons traveled to the convenience store and met two 14-year old boys (identified in the Indictment as John Doe 1 and John Doe 2). Lyons picked up the boys in his 2017 Chevrolet Silverado truck and drove them to a Dollar General parking lot. Lyons performed oral sex on John Doe 2. During the incident, John Doe 3 videoed Lyons performing oral sex on John Doe 2. The DCI Detective retrieved and reviewed the video during the forensic examination of the cellular telephones referenced above (*i.e.*, phones from John Doe 2 and Lyons). According to interviews with John Doe 2 and John Doe 3, Lyons performed oral sex on both of them. Lyons paid John Doe 2 $70.00 and John Doe 3 $60.00.

During the review of Lyons's Apple iPhone 11 Pro Max, the DCI Detective located a

---

[3] Grindr is a social media networking and online dating application geared towards gay, bisexual, and transsexual people.

3

chat conversation from February 16, 2020, between Lyons and a boy named "Trevor" who indicated he was 16 years old. During this conversation Trevor, at the request and persuasion of Lyons sent two photos and two videos of himself engaged in sexually explicit conduct. The details of the communication were set out in the Criminal Complaint Affidavit and are adopted as if set out fully herein.

The DCI Detective located "Trevor" (John Doe 1 in instant Indictment), and conducted an interview. John Doe 1 confirmed that he was the person with whom Lyons had communicated. John Doe 1 also confirmed that he was 16 at the time of their communications, including when he sent Lyons the sexually explicit images referenced above.

Also during review of Lyons's Apple iPhone 11 Pro Max, the DCI Detective located a chat conversation between Lyons and another adult named Robert Alan Thompson.[4] Further investigation revealed that Thompson was a middle school teacher in Frankfort, Kentucky, during the 2017-2018 school year. Thompson later moved to the Hardin County School District and continued teaching middle school. Lyons and Thompson engaged in a chat conversation on April 30, 2018. During the conversation, Lyons sent Thompson two photos of actual minors engaged in sexually explicit conduct. An excerpt of the conversation is set out in the Criminal Complaint Affidavit and adopted as if set out fully herein.

Apple iPhones are not manufactured in the Commonwealth of Kentucky. Moreover, the term "means or facility of interstate commerce" includes the internet or telephones. The social media apps referenced above are accessed via the internet. And, Lyons used his iPhone to communicate with the minors and other adults.

---

[4] Law enforcement officials executed a search warrant at Thompson's residence and arrested him on state child pornography charges on April 21, 2020. Thompson pled guilty and was recently sentenced by this Court in 3:20CR50-DJH, for violating federal child exploitation laws.

## II. Crimes of Conviction

Lyons pled guilty to all charges in the Indictment. Those charges included violations of 18 U.S.C. §§ 1591(a), 1591(b)(2), 2251(a), 2251(e), 2252A(a)(2)(A), 2252A(a)(5)(B), 252A(b)(1), 2252A(b)(2), and 2422(b). The charges involved sex trafficking of a minor, production of child pornography, online enticement, distributing, and possessing child pornography. He pled guilty pursuant to a written Fed. R. Crim. P. 11(c)(1)(C) Plea Agreement.

## III. Sentencing Guidelines calculations

Even in the post-*Booker* sentencing era, the United States Sentencing Guidelines serve an gimportant role in the federal sentencing process. *See United States v. Anderson*, 526 F.3d 319 (6th Cir. 2008). Correct calculation of the advisory Guideline Range is the first step. *See, e.g., United States v. Turner*, 2018 WL 6264062 at *5 (6th Cir. Nov. 28, 2018) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007); *see also*, *United States v. Shalash*, 2018 WL 6721217 at *3 (6th Cir. Dec. 20, 2018) (quoting *United States v. Tanner*, 837 F.3d 596, 601 (6th Cir. 2016)("[f]ailure to calculate the Guidelines range correctly generally results in plain error.")

The Guideline calculations set out in the presentence investigation report (PSR) are correct. Therefore, United States has no objection to the calculations.

## IV. Criminal History

The United States concurs with the criminal history calculation as set out in the final PSR.

## V. Statutory Factors

### A. Minimum and maximum penalties

The mandatory minimum term of imprisonment required for the charge in Count 1 is 15 years. The maximum potential term of imprisonment is 30 years. The mandatory minimum term of imprisonment required for the charges in Counts 2 - 4 is 10 years, with a maximum of life (per

5

count). The mandatory minimum term of imprisonment required for the charge in Count 5 is five years, with a maximum of 20 years. Finally, there is no mandatory minimum sentence for Count 6. The maximum penalty is 10 years in prison. The maximum potential fine for each count is $250,000.00. And, the applicable term of Supervised Release for each count is not less than five years and could be any number of years up to and including life. There is a mandatory $5,000.00 special assessment, per count, if the Court determines that the defendant is not indigent. *See* 18 U.S.C. § 3014.

### B. U.S.S.G. range

The United States respectfully submits that the appropriate adjusted offense level is 43. Set against a Criminal History Category I, the range is life in prison.

### C. 18 U.S.C. § 3553(a) factors

This Court must ultimately affix a sentence which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2). Section 3553(a) guides the Court regarding factors to consider when imposing a sentence. Those factors include the following:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for--

>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines
>
>   . . .
>
> (5) any pertinent policy statement--
>
>   . . .
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Lyons is a 34-year-old man with a 2008 conviction to online communication with an undercover law enforcement official posing as a 14-year-old boy. He stands convicted of very serious crimes involving enticement, sex trafficking of a minor, production and distribution of child pornography.  The targets of his criminal endeavors – boys in their teens.  In the supply/demand scheme of child sexual exploitation, Lyons runs the spectrum.  He helps drive the child exploitation market.  And, also engages in direct exploitation.

His history and characteristics are mixed.  A lifelong resident of Hardin County, Kentucky, Lyons continues to enjoy the support of his family. He graduated from high school and attended technical college for a short while. As an adult, he maintained largely steady employment for the past 16 years. However, as noted above, the instant case is not his first experience with the criminal justice system for unlawful conduct pertaining to minors.

The agreed upon sentence, set out in the Plea Agreement, reflects the seriousness of the offense, promotes respect for the law and provides just punishment.  The combined sentence of 25 years in prison followed by a life term of Supervised Release serves as a deterrent to Lyons and others who may contemplate similar conduct.  It also protects the public from further crimes

of the defendant. The recommended sentence does not run afoul of the need to avoid sentencing disparities, in light of individualized sentencing.

No requests for restitution have been received. However, the mandatory restitution provision of 18 U.S.C. § 2259 applies in this case. There are three identified victims covered by Lyons' production and / or distribution of child pornography.

Additionally, 18 U.S.C. § 3014 requires a $5,000 per count assessment unless the Court determines that Lyons is indigent. The PSR reflects his inability to pay a fine. There is no information to suggest he has the ability to pay the $5,000 per count assessment.

## CONCLUSION

For the reasons set forth more fully herein, the United States respectfully requests the Court to accept the Plea Agreement and impose 25 years' imprisonment followed by a life term of Supervised Release.

    Respectfully submitted,

    MICHAEL A. BENNETT
    Acting United States Attorney

    /s/ *Jo E. Lawless*
    Jo E. Lawless
    Assistant United States Attorney
    717 West Broadway
    Louisville, Kentucky 40202
    (502) 625-7065
    Fax (502) 582-5097

CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing was sent *via* electronic transmission to defense counsel on February 23, 2021.

                                                       /s/ *Jo E. Lawless*
                                                       Jo E. Lawless
                                                       Assistant United States Attorney